UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

MARTIN J. WALSH, Secretary of Labor,
United States Department of Labor,

    Plaintiff,

v.

LUCHADOR TACOS, LLC; JOSHUA
MITCHELL; and KATHERINE MITCHELL,

    Defendants.

Civil Action No. 1:22-cv-00361

Injunctive Relief Sought

## COMPLAINT

1.  Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary") brings this action because a restaurant, Defendant Luchador Tacos, LLC (the "Restaurant"), and Defendants Joshua Mitchell and Katherine Mitchell, the owners of the Restaurant, kept employees' tips and failed to pay proper overtime compensation, in violation of the Fair Labor Standards Act (the "FLSA").

2.  The Secretary seeks to have the Court enjoin Defendants from violating the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), and to recover withheld tips, tip credits, unpaid wages, and liquidated damages pursuant to the provisions of Sections 15(a)(2) and 16(c) of the FLSA, 29 U.S.C. §§ 215(a)(2) and 216(c).

### Jurisdiction and Venue

3.  Jurisdiction of this action is conferred upon this Court by Section 17 of the FLSA, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

4.  Venue is proper in the United States District Court for the District of New Hampshire because a substantial part of the events or omissions giving rise to the claims herein

occurred in this judicial district.

## The Parties

5. Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages, and is the proper plaintiff for this action.

6. Defendant Luchador Tacos, LLC is a restaurant located at 1833 White Mountain Highway, New Hampshire 03860, within the jurisdiction of this Court, and is engaged at that place of business in the operation of a full-service restaurant.

7. The Restaurant employs the employees listed on the attached Exhibit A who have not received proper compensation under the FLSA.

8. Defendant Joshua Mitchell is an owner of the Restaurant.

9. Defendant Joshua Mitchell transacts substantial business on a continuous and systematic basis in this judicial district, within the jurisdiction of this Court.

10. The claims against Defendant Joshua Mitchell in this case arise out of and are directly related to business activities in New Hampshire.

11. Defendant Joshua Mitchell has certain control over the daily operations of the Restaurant, including the authority to hire and fire employees, determine employees' wage rates, process payroll, manage the daily operations of the business, and set policies for the business.

12. Defendant Joshua Mitchell is and has been an employer of the Restaurant's employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. Defendant Katherine Mitchell is an owner of the Restaurant.

14. Defendant Katherine Mitchell transacts substantial business on a continuous and systemic basis in this judicial district, within the jurisdiction of this Court.

15. The claims against Defendant Katherine Mitchell in this case arise out of and are directly related to business activities in New Hampshire.

16. Defendant Katherine Mitchell has certain control over the daily operations of the Restaurant, including the authority to hire and fire employees, determine employees' wage rates, process payroll, manage the daily operations of the business, and set policies for the business.

17. Defendant Katherine Mitchell is and has been an employer of the Restaurant's employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## FLSA Coverage

18. From February 7, 2020 through March 31, 2020, Defendants employed employees who engaged in commerce or the production of goods for commerce.

19. From February 7, 2020 through March 31, 2020, Defendants' employees were covered by the FLSA on an individual basis.

20. From April 1, 2020 through February 6, 2022, Defendants were an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), as they engaged in related activities performed through unified operation or common control for a common business purpose.

21. From April 1, 2020 through February 6, 2022, Defendants employed employees in the activities of said enterprise, which is engaged in commerce or in the production of goods for commerce, including having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

22. From April 1, 2020 through February 6, 2022, said enterprise has had an annual gross volume of sales or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

23. From April 1, 2020 through February 6, 2022, Defendants' employees have been employed in this enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

### Defendants' Wage and Hour Practices

24. From February 7, 2020 to at least February 6, 2022, Defendants failed to pay certain employees working at the Restaurant, who are listed in the attached Exhibit A, tips and overtime compensation as required by Sections 3(m)(2)(B) and 7 of the FLSA, 29 U.S.C. §§ 203(m)(2)(B) and 207.

25. From February 7, 2020 to at least February 6, 2022, Defendants kept employee's credit card tips.

26. From February 7, 2020 to at least February 6, 2022, Defendants failed to compensate employees at one and one-half times their regular rates of pay for all hours worked over forty hours in a workweek.

27. Defendants improperly calculated tipped employees' overtime rates based on their cash wage as opposed to their regular rates of pay.

28. Defendants paid at least one employee straight-time wages for overtime hours worked.

**COUNT ONE**

**Defendants Kept Employee's Tips in Violation of Section 3(m)(2)(B) of the FLSA**

29. The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

30. Defendants have violated the provisions of Sections 3(m)(2)(B) of the FLSA, 29 U.S.C. § 203(m)(2)(B), by keeping employee's tips.

31. Therefore, Defendants are liable for the sum of any tip credit taken by the employers, all tips unlawfully kept from certain employees listed in the attached Exhibit A, and an equal amount of liquidated damages under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## COUNT TWO

### Defendants Failed to Pay the Overtime Premium Required by Section 7 of the FLSA

32. The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

33. Defendants have violated the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees for workweeks longer than forty hours without compensating them at rates not less than one and one-half times the regular rates at which they were employed for hours worked in excess of forty hours in such workweeks.

34. Therefore, Defendants are liable for overtime compensation owed to certain of the employees listed in the attached Exhibit A and an equal amount of liquidated damages under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## PRAYER FOR RELIEF

Throughout the period covered by this Complaint, Defendants violated the aforesaid provisions of the FLSA, as alleged. WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants as follows:

1. For an order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from prospectively violating the FLSA, including Sections 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2);

2. For an order pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), holding Defendants liable for withheld tips, the sum of any tip credit taken, and unpaid back wages found due to certain of Defendants' current and former employees listed in the attached Exhibit A for the time period set forth above, plus an equal amount in liquidated damages. Additional amounts of tips, tip credits, back wages, and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Exhibit A for violations continuing after the time period set forth above, and may be owed to certain current and former employees presently unknown to the Secretary for the periods covered by this Complaint, who may be identified during this litigation and added to Exhibit A;

3. For an Order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from withholding the amount of unpaid minimum overtime compensation found due to Defendants' employees;

4. In the event liquidated damages are not awarded, prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

5. Awarding the Secretary the costs of this action; and

6. Granting such other and further relief as may be necessary and appropriate.

Seema Nanda
Solicitor of Labor

Maia S. Fisher
Regional Solicitor

Mark A. Pedulla
Counsel for Wage & Hour

/s/ Sheila A. Gholkar
Sheila A. Gholkar
Trial Attorney

Gholkar.sheila.a@dol.gov
MA BBO No. 687659

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:
JFK Federal Building—Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

DATE: September 15, 2022